UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MORHIA M.,

                        Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

Case No. C21-5829 TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of

defendant's denial of plaintiff's application for a period of disability and disability

insurance benefits (DIB). Pursuant to 28 U.S.C. § 636(c), the Federal Rules of Civil

Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter

heard by the undersigned Magistrate Judge. Dkt. 3.

For the reasons set forth herein, the ALJ committed harmful error by failing to

provide sufficient reasons to discount plaintiff's subjective symptom testimony.

Defendant's decision to deny benefits is therefore reversed and remanded for further

administrative proceedings.

I.      FACTUAL AND PROCEDURAL HISTORY

On December 3, 2018, plaintiff filed an application for DIB alleging a disability

onset date of October 11, 2018. Dkt. 6, Administrative Record ("AR") 169-78. The

application was denied on initial administrative review and on reconsideration. AR 77-

107. A hearing was held before Administrative Law Judge Lyle Olson ("the ALJ") on January 11, 2022. AR 33-75. In a decision dated February 17, 2021, the ALJ determined plaintiff to be not disabled. *See* AR 15-27. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). AR 1-6.

## II.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## III.   DISCUSSION

In this case, the ALJ found that plaintiff had the severe medically determinable impairments of: "history of obesity (status post gastric bypass surgery with multiple complications, including gastric ulcers, revision of bypass with partial gastrectomy, small bowel resection, cholecystectomy, pancreatitis; and intractable cyclical vomiting with nausea); anorexia nervosa, restricting type, mild; major depressive disorder, recurrent, with anxious distress; and acute nightmare disorder with associated non-sleep disorder." AR 17. Based on the limitations stemming from these impairments, the ALJ found that plaintiff could perform a limited range of light work. AR 20-21. Relying on vocational expert ("VE") testimony, the ALJ found that plaintiff could not perform past relevant work. AR 25. The ALJ found that plaintiff could perform jobs existing in

1   significant numbers in the national economy, therefore, the ALJ determined that plaintiff

2   was not disabled. AR 26.

3         A.   <u>Whether the Case Should be Remanded for Constitutional Violations</u>

4         Plaintiff argues this case must be remanded because the structure for removing

5   the Commissioner of Social Security violated separation of powers under Article II of the

6   U.S. Constitution. Plaintiff contends that ALJs and administrative appeals judges

7   ("AAJs") on the Appeals Council, delegated by the Commissioner, are subject to an

8   additional layer of removal protection under 5 U.S.C. § 7521(a) and 5 U.S.C. § 7543(a).

9         Plaintiff argues that 5 U.S.C. § 7521 created an unconstitutional two-layered

10  protection insulating the ALJs, which warrants remand. Dkt. 8 at 15. In *Decker Coal*

11  *Company v. Pehringer*, the Ninth Circuit contrasted Department of Labor ("DOL") ALJs

12  adjudicating claims under the Black Lung Benefits Act and performing "purely

13  adjudicative function[s]" with members of the Public Company Accounting Oversight

14  Board "exercis[ing] policymaking and enforcement functions[.]" 8 F.4th 1123, 1133 (9th

15  Cir. 2021). The *Decker Coal* court also recognized that because the DOL chose, rather

16  than was forced by Congress, to employ ALJs and AAJs to adjudicate benefits claims, it

17  could not be said that Congress wrested executive power for itself, away from the

18  President. 8 F.4th at 1134.

19        The decision in *Decker Coal* is analogous here, both because SSA ALJs and

20  AAJs perform adjudicative functions and because there is no statutory requirement that

21  SSA employ ALJs or AAJs to adjudicate benefits claims. Even if *Decker Coal* could be

22  factually distinguished on this basis, the President's ability to remove the DOL Secretary

23

24

25

at will was only one of multiple reasons that the Ninth Circuit cited in finding no constitutional violation. *See Decker*, 8 F.4th at 1135.

Further, if a separation of powers violation occurred, plaintiff has a right, shared by everyone in this country, to bring a challenge under the separation of powers doctrine only if plaintiff has Article III standing to invoke the Court's jurisdiction under *Collins v. Yellen,* 141 S. Ct. 1761 (2021).

The Ninth Circuit recently held that to the extent that 42 U.S.C. § 902(a)(3) limited the President's ability to remove the Commissioner at will, the removal provision was both unconstitutional and severable. *Kaufmann v. Kijakazi*, 32 F.4th 843, 848 (9th Cir. 2022). The Court held that a separation of powers violation under this provision warranted remand only if the challenging party can demonstrate that the unconstitutional provision actually harmed the party. *Id*. at 849 ("A party challenging an agency's past action must instead show how the unconstitutional removal provision *actually harmed* the party – for example, if the President would have removed the agency's head but for the provision or, alternatively, if the agency's head 'might have altered his behavior in a way that would have benefited' the party.") (emphasis in original). Absent a showing of actual harm, remand is not warranted. *Id*.

Plaintiff has not shown any compensable harm fairly traceable to the actions of former Commissioner Saul. Instead, plaintiff argues that compensable harm was possible. Yet, the mere possibility of compensable harm is insufficient to warrant remand in this action. *Kaufmann*, 32 F.4th at 849.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

1

B. Whether the ALJ Properly Evaluated Plaintiff's Testimony

2

Plaintiff contends the ALJ erred by failing to provide sufficient reasons for not

3

incorporating fully plaintiff's subjective claims. Dkt. 8, Opening Brief, at 2-6.

4

Plaintiff testified that she was unable to sustain employment because of physical

5

and mental impairments. AR 45-46. Plaintiff stated that her physical impairments

6

causing frequent incontinence and vomiting most severely limited her ability to work. AR

7

46-50, 52. Plaintiff testified that her mental health impairments of bipolar mood disorder,

8

generalized anxiety disorder and depression limited her ability to work. AR 53-54.

9

The ALJ reasoned that plaintiff's complaints regarding her physical impairments

10

were inconsistent with objective medical records including treatment records and

11

physical examination reports indicating improvement with medication. AR 22-23. The

12

ALJ also reasoned that plaintiff's mental health testimony was inconsistent with: 1)

13

objective medical records including records indicating improvement with treatment and

14

consultative examination findings; and 2) plaintiff's activities. AR 23-24.

15

The ALJ's determinations regarding a claimant's statements about limitations

16

"must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722

17

(9th Cir. 1998) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en*

18

*banc*)).  In evaluating a claimant's allegations of limitations, the ALJ cannot rely on

19

general findings, but "'must specifically identify what testimony is credible and what

20

testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968,

21

972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599

22

(9th Cir. 1999)); *Reddick*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d

23

1273, 1284 (9th Cir. 1996) (citation omitted).

24

25

1   With regards to the ALJ's finding that plaintiff's subjective complaints were

2   inconsistent with objective medical evidence, "[c]ontradiction with the medical record is

3   a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v.*

4   *Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v.*

5   *Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But an ALJ's decision may not reject a

6   claimant's subjective symptom testimony "solely because the degree of pain alleged is

7   not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50

8   (9th Cir. 1995); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to

9   subjective complaints other than pain).

10           1. <u>Physical Impairments</u>

11               i. <u>Objective Medical Record</u>

12   The ALJ stated that the longitudinal medical record did not support plaintiff's

13   testimony regarding the frequency and severity of her reported incontinence, vomiting

14   and abdominal pain. AR 22 (citing AR 979, 988, 1108, 1120, 1128, 1583, 1635).

15   First, the ALJ cited to plaintiff's Comprehensive Psychiatric Evaluation as

16   inconsistent with plaintiff's testimony because there is no mention of abdominal pain or

17   incontinence. AR 22, 979. Yet, in this same report, plaintiff endorsed experiencing

18   anorexia, gastrointestinal issues, food aversions and failure to thrive. AR 977. Plaintiff

19   also reported being unable to consume food without vomiting. AR 977. Additionally,

20   plaintiff's chief complaint underlying the psychiatric evaluation was PTSD, depression

21   and anxiety, not physical symptoms associated with gastrointestinal issues. AR 977-78.

22   The ALJ's citation to this record as indicating a lack of physical symptoms is

23   unsupported by the record because the record reflects that the underlying reason for

24

25

this evaluation was mental health treatment, not treatment for physical symptoms.

Additionally, the record indicates that plaintiff did in fact complain of gastrointestinal

conditions during this evaluation. Further, other records from this same time period

indicate that plaintiff sought treatment for her physical symptoms. AR 991 (vomiting and

gastrointestinal problems), 993 (abdominal pain), 996 (diarrhea).

Next, the ALJ cited to plaintiff's medical records for the position that plaintiff's

symptoms improved with treatment. AR 22 (citing AR 989, 1108, 1120, 1128, 1583,

1635). This reason to discredit plaintiff's testimony regarding her physical symptoms is

unsupported by the record. First, the notes that the ALJ cited show that plaintiff

continued to endorse the symptoms that plaintiff identified in her testimony. AR 989

(endorsing constipation and abdominal pain), 1108 (endorsing abdominal pain, chronic

constipation, small intestinal bacterial overgrowth, increased pain and nausea), 1116

(diagnosing plaintiff with generalized abdominal pain, intractable cyclical vomiting with

nausea and anorexia nervosa), 1120 (abdominal pain, dehydration and vomiting), 1128

(abdominal pain resolved in emergency department with pain medication).

The ALJ cited to a note from CHI Franciscan Health indicating that plaintiff

reported improved symptoms but still endorsed nausea and epigastric pain. AR 1583.

Yet, follow up visits indicate that plaintiff continued to experience nausea, epigastric

pain and alternating constipation/diarrhea. AR 1609, AR 1630.

The ALJ also cited another note from CHI Franciscan Health for the position that

plaintiff's pain complaint tapered off and improved with medication. AR 22, 1635. This

same note indicates that plaintiff continued to experience gastric pain, nausea, vomiting

abdominal bloating and change in bowel habits. AR 1635. The note also states that her

change in bowel habits is "somewhat controlled" and that plaintiff was "taking Zofran and simethicone as needed to help relieve some of her symptoms." AR 1635.

This record does not indicate that plaintiff's symptoms resolved with medication or to what extent the medication actually relieved plaintiff's symptoms. Further, the notes indicate that plaintiff continues to experience the symptoms raised in plaintiff's testimony.

Based on the foregoing, the ALJ's determination that plaintiff's testimony is not credible because her symptoms improved with treatment is unsupported by the record.

ii.  Activities of Daily Living

Next, the ALJ reasoned that "despite her subjective complaints, the claimant engages in activities inconsistent with her alleged disability." AR 23. The ALJ lists a number of activities of daily living without explaining which portion of plaintiff's testimony is undermined by these activities.

Inconsistency with a claimant's activities may serve as a basis for rejecting a medical source's opinion. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Yet disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits)). While the Court can uphold an ALJ's findings when they are supported by inferences reasonably drawn from the record, the ALJ must actually articulate such inferences to give a cogent explanation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The ALJ relied on the following activities as undermining plaintiff's testimony:

> She lives with her military spouse. Her spouse is on deployment 6 months
> out of the year, meaning claimant then lives alone and independently. She
> watched her son's children, ages 1 and 4, for 2 months in August and
> September in 2020, while her son was treated for cancer. She did not
> delineate any issues caring for her grandchildren. The claimant also
> denied any issues with reading, writing, or performing simple math despite
> her subjective complaints of severe pain and physical and mental
> limitations. She used to be social with her co-workers when she worked.
> She is able to dress herself, take care of her personal needs once a week,
> and wash dishes. Her spouse cooks, washes clothes, and shops for
> groceries per the claimant's testimony at hearing when he is home.

AR 23.

The ALJ also noted that plaintiff's Functional Report was different from her testimony. AR 24. However, the ALJ failed to explain how the Functional Report is different from the testimony. AR 24. The ALJ noted some of the limitations identified in the Functional Report without explaining how these limitations differed from plaintiff's testimony or undermined plaintiff's testimony. AR 24.

The ALJ's conclusion does not identify how any of the cited activity would be transferrable to a work setting or whether plaintiff could perform these activities at a frequency or to an extent indicating that plaintiff can spend a substantial part of their day performing the activities. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).

Without further explanation, plaintiff's activities are not a clear and convincing reason supporting an adverse credibility determination. *See, Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may

be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.").

### 2.  Postural Limitations

The ALJ also rejected plaintiff's testimony regarding postural limitations because the testimony was inconsistent with plaintiff's physical examinations. Plaintiff has not challenged this finding. The Court will not consider this matter as it was not specifically and distinctly argued in plaintiff's opening brief. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)).

### 3.  Mental Health Symptoms

With regards to plaintiff's mental health conditions, the ALJ acknowledged that the record reflected that plaintiff experienced depression, anxiety, sleep difficulties, low motivation, low energy, concentration difficulties, feelings of guilt, feelings of worthlessness, excessive worrying, restlessness, irritability, social anxiety and a history of trauma. AR 22-23. The ALJ gave plaintiff's mental health testimony less weight because the record indicated that plaintiff's symptoms improved with consistent attendance with her psychiatry provider and medication. AR 23.

Impairments that can be controlled effectively by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Yet finding of improvement must be supported by substantial evidence. *Holohan v. Massanari*, 246 F.3d 1195, 1207-08 (9th Cir. 2001).

1    One of the evaluation notes from November 14, 2018 indicated that plaintiff was

2  struggling with anxiety and depression. AR 1057 (rating depression as 8/10 and anxiety

3  as 2/10). The ALJ cited to an evaluation note from June 12, 2019. AR 1054. The note

4  indicated that plaintiff reported that her medication was helping her have less anxiety

5  which was allowing her to engage in activities that she could not have previously

6  participated in. AR 1054. Plaintiff reported her depression as 0/10, anxiety 4/10, panic

7  attack 1/10 and her pain as 0/10. AR 1054. In a June 26, 2019 note, plaintiff reported

8  still having some symptoms but reported that she was doing better with treatment. AR

9  1051. In that note plaintiff reported her depression as 0/10, anxiety 0/10, panic attack

10  0/10 and pain 3/10. AR 1051. Next, the ALJ cited to an evaluation note from July 10,

11  2019, indicating that plaintiff reported doing well with treatment. AR 1048. The note

12  indicated that plaintiff reported her depression as a 0/10, anxiety 2/10, panic attacks

13  0/10 and pain 0/10. AR 1048.

14    Next, the ALJ cited to a social worker's note from August 18, 2019, indicating that

15  plaintiff reported having a rough day but denied feeling depressed. AR 1098. The social

16  worker noted that plaintiff appeared to be managing her mental health needs

17  independently, felt happy with the care that she was receiving and denied psychiatric

18  symptoms. AR 1098.

19    The record indicates that as plaintiff received treatment and medication her

20  mental health symptoms improved. Plaintiff reported feeling better, rated her anxiety

21  and depression as significantly reduced and reported being able to engage in activities

22  that she was previously unable to participate in due to mental health symptoms.

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 11

1    Accordingly, the ALJ's determination that plaintiff's mental health impairment testimony

2    was undermined by her improvement with treatment is supported by the record.

3        Plaintiff's opening brief argues that the ALJ erred because the ALJ cherry-picked

4    a few isolated instances of improvement and failed to consider the waxing and waning

5    nature of plaintiff's mental health impairment. Dkt. 8 at 9-10. Yet, plaintiff does not cite

6    to any portion of the record indicating that plaintiff's symptoms waxed and waned, that

7    show worsening symptoms or otherwise undermine the ALJ's conclusion.

8        Based on the foregoing, the ALJ did not commit harmful error in evaluating

9    plaintiff's mental health symptom testimony. While the ALJ provided other reasons to

10   discount plaintiff's mental health symptom testimony, the Court need not evaluate these

11   reasons – any error would be harmless. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533

12   F.3d 1155, 1162 (9th Cir. 2008)).

13       C.  Whether the ALJ Properly Developed The Record

14       Plaintiff contends that the ALJ erred by failing to develop the record. Dkt. 8 at 10-

15   12. Plaintiff points out that the ALJ relied on two state agency consultative examinations

16   rejecting all other medical opinions. AR 24. Plaintiff argues that the ALJ erred in relying

17   on these two consultative examinations without developing the record because the

18   consultative examinations pre-date a significant portion of the record. Dkt. 8 at 10-12.

19   Defendant has not responded to or opposed plaintiff's contentions. Dkt. 13.

20       Here, the ALJ relied on the opinions of two consultative examiners, while

21   rejecting plaintiff's testimony as well as all other medical and lay witness opinions. AR

22   21-25. The consultative examiners provided the opinions on April 27, 2019 (AR 77-88)

23   and October 14, 2019 (AR 90-102). The consultative examiners diagnosed plaintiff with

24

25

peptic ulcers, anxiety, obsessive-compulsive disorders, depressive, bipolar, and related disorders, as well as trauma and stressor related disorders. AR 81, 94. A 510-page section of the medical record documents treatment and evaluations after the date of these two consultative examinations. AR 1180-1690.

The ALJ determined that plaintiff's had severe impairments that were not addressed by the consultative examiners including: history of obesity, complications related to plaintiff's gastric bypass surgery, anorexia nervosa, and acute nightmare disorder with associated non-sleep disorder. AR 17. It is unclear from the record how the ALJ determined these conditions and whether they are based on records occurring after the consultative examinations in this action.

The Court has concluded the ALJ erred, and plaintiff's testimony should be re-examined. A new evaluation of plaintiff's credibility could affect the ALJ's determination of plaintiff's conditions and could trigger the expansion of the record. Accordingly, on remand, the ALJ should consider whether expansion of the record or further consultative examinations are warranted in this action.

D.  Harmless Error

An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

The ALJ erred in rejecting plaintiff's testimony regarding her physical symptoms and limitations. This error is not harmless because a proper evaluation of plaintiff's testimony could change the ALJ's assessment of plaintiff's RFC and may affect the

1    hypotheticals provided to the Vocational Expert. Further, a re-evaluation of plaintiff's

2    testimony could potentially necessitate an expansion of the record.

3         E.   Remand With Instructions for Further Proceedings.

4         "'The decision whether to remand a case for additional evidence, or simply to

5    award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664,

6    682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If

7    an ALJ makes an error and the record is uncertain and ambiguous, the court should

8    remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045

9    (9th Cir. 2017). If the court concludes that additional proceedings can remedy the ALJ's

10   errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

11        The Ninth Circuit has developed a three-step analysis for determining when to

12   remand for a direct award of benefits. Such remand is generally proper only when:

13   "(1) the record has been fully developed and further administrative proceedings would

14   serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for

15   rejecting evidence, whether claimant testimony or medical opinion; and (3) if the

16   improperly discredited evidence were credited as true, the ALJ would be required to find

17   the claimant disabled on remand." *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v.*

18   *Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

19        The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is

20   satisfied, the district court still has discretion to remand for further proceedings or for

21   award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

22        As discussed above, the ALJ harmfully erred in evaluating portions of plaintiff's

23   subjective symptom testimony. Remand for additional proceedings is the appropriate

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 14

1    remedy. On remand, the ALJ is directed to re-evaluate plaintiff's physical symptom

2    testimony. Further, on remand the ALJ should consider whether expansion of the record

3    or further consultative examinations are necessary in this action.

4                                    IV.      <u>CONCLUSION</u>

5           Based on the foregoing discussion, the Court finds the ALJ erred in determining

6    plaintiff to be not disabled. Defendant's decision to deny benefits therefore is

7    REVERSED and this matter is REMANDED for further administrative proceedings.

8           Dated this 29th day of July, 2022.

9

10

11                                              _____
                                                Theresa L. Fricke
12                                              United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25